## Philip J. Zenk, Appellee, v. City of Troy, Appellant.

DAMAGES—*when admission of improper evidence upon question of will not reverse.* A reversal will not be awarded if the damages assessed were justified by the evidence and the court by its instructions directed the jury to disregard the improper elements of damage permitted to be shown.

Appeal from the Circuit Court of Madison county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911.

BURROUGHS & RYDER, for appellant.

R. GUY KNEEDLER and C. H. BURTON, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is a suit brought by appellee against appellant to recover damages on account of the alleged depreciation in the value of certain premises owned by him in the City of Troy, occasioned by the excavation made by the city along the front of said premises, for a sidewalk.

The declaration alleged the excavation to have been five feet deep and six feet wide; that thereby appellee was deprived of the free and unrestricted use of Main street in front of said premises, to the use of which he was entitled in connection therewith; that his fence was left unsupported, unsafe and in danger of falling into the street; that shade trees planted upon said premises were damaged and destroyed; that a concrete sidewalk placed by the city in said ditch, could not be used by appellee, except by great inconvenience and annoyance; that by reason of said facts, the property of plaintiff was damaged in a manner not common to the public and its market value decreased. Plea of general issue, verdict and judgment in favor of appellee for $392.

Appellant here complains of the action of the court in its rulings in regard to the evidence and claims that the verdict was not sustained by the proofs.

The evidence shows that appellee owned a lot fronting west on Main street in said city, for 106 feet, and bounded on the south by Padon street; that it had on it a nine room two story brick house with out-buildings and along the front were some catalpa, maple and evergreen trees; that about the middle of the lot was the front gate and along the whole front had formerly been a cinder path about nine inches below the level of the ground; that in the fall of 1907, the city provided by ordinance for the grading of certain streets including Main street. As a part of the grade of this street, in preparing for a sidewalk, the cinder path was thrown out, the ground excavated and then a concrete sidewalk was put in along the front of the premises, the same being six feet wide, an average of about four feet below the surface of appellee's lot and about three feet below the street grade. The sidewalk ended at the southwest corner of appellee's premises, and was so laid that it drained the water for several blocks toward that corner, where a tile was put in to carry the water across Padon street. In the course of the excavation, the roots of certain trees on appellee's premises were cut off, his front fence made insecure and ingress to and egress from the premises were interfered with and made difficult.

A number of witnesses were introduced by the respective parties upon the question of damages. Those on the part of appellee testified to a decrease in the fair cash value of the property which ranged as high as $1,000 while those for appellant testified that it was increased in value by the lowering of the sidewalk from $100 to $500. It was uncontradicted, however, that while the property formerly rented for $14 a month, it could only be rented for $12 a month after the ditch was made, a clear loss of $2 a month. A jury

not only heard the evidence, but also viewed the premises and were therefore well equipped to determine the questions of fact submitted to them. Their finding that plaintiff was entitled to recover, as well as the amount of the recovery, appear to us to have been reasonable conclusions sustained by the proofs.

Appellant sought to prove on the trial that shortly after the laying of the sidewalk it had entered into a contract for the excavation of Main street to an established grade six inches below the sidewalk and that a bond had been given by the contractor to secure the performance of such work; that after the contractor had begun to excavate said street, he was enjoined by a temporary writ of injunction brought by other persons than appellee, from proceeding with said work and that appellee was not a party to said injunction suit, but the proffered evidence was denied admission by the court.

The bill for injunction which was offered in evidence, alleged among other things that the excavation of the streets under said contract would injure the adjoining property and render the streets impassable and unfit for use, and that the contract was illegal, because no appropriation had been made for such purpose. The temporary injunction in that suit was issued April 16, 1908, and at the time of the trial of this cause, nearly two years later, that injunction was still in force and the cause had not been finally heard. Appellee, not being a party to that suit, had no power or authority to bring about a hearing of the same, but no reason appears why the city could not have readily made a motion to dissolve the injunction and brought the matter to a hearing. Under these circumstances the court below properly refused the proffered evidence.

The court properly excluded evidence offered by appellant of two mortgages covering the property, both made by appellee and his wife on June 9, 1905. The papers offered in evidence showed that one of these mortgages, for the sum of $2,000, had been released

prior to the trial of this suit, but did not show that the other mortgage, which was for $1,500, had been released.

The damages for which appellee sued were such as would naturally accrue to him as the owner of the fee and under the issues in this case the evidence of the mortgages was not competent.

Appellant further complains that certain witnesses for appellee were permitted to include in their estimate of the damages, certain elements which were not proper, such as damages on account of the fence falling in the street, on account of water standing in the excavation, on account of the sidewalk becoming muddy and inconvenient to walk upon and on account of the cutting of the roots of the shade trees extending into the street. We think, however, appellant was not injured by this testimony to an extent warranting a reversal of the judgment in this case, for the reason that when the question arose upon the trial, by objection made by counsel for appellant, the court at once stated that many of the elements of damages talked about by the witnesses were not proper and that the true measure of damages was the difference in the market value of the property, occasioned by the injury, if any, before the excavation and sidewalk were made and afterwards.

The court also specifically in several instructions told the jury that they were not to consider the elements of damage just named in assessing damages, and the correct elements of damage shown to exist on the trial, warranted the full amount of damages fixed by the jury. In this case it appears to us that a clear right of recovery on the part of appellee was shown by the proofs, that the verdict was not excessive and that there were no reversible errors committed on the trial of the cause.

The judgment of the court below will accordingly be affirmed.

*Affirmed.*